Edward M. O’Gorman, J.
The defendant was convicted on September 22, 1959 of speeding in excess of 50 miles per hour along Route 17 in the Town of WallMll, Orange County, New *894 York, in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law. The defendant now assigns as one of the errors requiring the reversal of his conviction the failure of the proof given at his trial to establish the speed limit.
The only evidence concerning the speed limit on Route 17 in the area was in the form of a certificate of the State Traffic Commission and testimony by the arresting officer.
The certificate stated as follows:
“ The State Traffic Commission hereby duly certifies that it has not fixed a maximum speed limit greater than 50 miles per hour on or along any highway within the State of New York, except on Interstate Route 81 in Jefferson and Onondaga Counties and portions of Route 17 in Sullivan and Orange Counties.
STATE TRAFFIC COMMISSION
[s.] Lloyd A. Maeder Lloyd A. Maeder Director
“ Dated: September 21, 1959.”
In our opinion, this certificate has no probative value because the exclusion therein contained could apply, by its terms, to this particular stretch of highway, which runs between a portion of Orange County and a portion of Sullivan County.
Confronted with this situation, the People have also endeavored to prove the speed limit by the alternative method now provided by subdivision 3 of section 56. They have introduced the trooper’s testimony on this subject, in the form of the following question and answer: “ Q. During that three tenths of a mile, are there any signs along the road indicating the speed limit, so posted by the State Traffic Commission? A. Not within that particular three-tenths, no.” This testimony is also inadequate to establish a speed limit for the stretch of highway in question.
There is serious question that the method of proving the speed limit by proving the absence of signs is any longer available in traffic prosecutions. At present, statutory confusion has been created by the repeal of section 95-c of the Vehicle and Traffic Law by chapter 698 of the Laws of 1957 and the failure of the Legislature to re-enact similar powers in section 1620 and the other sections dealing with the powers of the State Traffic Commission. As the law now stands, there is no provision governing the erection of speed signs along the State highway, and hence the presumption which might have attached to the absence of such signs has been destroyed.
*895 Furthermore, testimony as to the absence of signs which is limited to such a short distance as three tenths of a mile would seem to be inadequate for any purpose.
For these reasons, the failure of the People to establish the speed limit, either by a certificate of the State Traffic Commission or by proof with respect to the absence of signs, requires that the judgment of conviction herein be reversed and the information be dismissed for failure of proof.
Submit order.